# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2021

Lyle W. Cayce
Clerk

No. 21-20249

Norma Soto,

*Plaintiff—Appellee*,

*versus*

MD Anderson Cancer Center,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2014

Before Wiener, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Norma Soto sued her employer, MD Anderson Cancer Center, after she was allegedly fired in response to her request for an accommodation for her disability. She asserted claims for discrimination and retaliation under both the Americans with Disabilities Act (ADA) and the Texas Commission on Human Rights Act (TCHRA). MD Anderson moved to dismiss Soto's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20249

claims based on sovereign immunity. The district court denied the motion and stated MD Anderson waived its sovereign immunity by accepting federal funds. *See Pederson v. La. State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000) (concluding university waived sovereign immunity by accepting federal funds under Title IX). MD Anderson brought this interlocutory appeal.

MD Anderson is entitled to sovereign immunity and the district court erred in concluding otherwise. Because MD Anderson is an agency of the State of Texas, it is entitled to sovereign immunity unless Soto can invoke one of two exceptions to sovereign immunity: abrogation or waiver. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Neither exception, however, applies here.

In *Sullivan v. Texas A&M University System*, this court held Texas' sovereign immunity was neither abrogated nor waived for ADA claims. *See* 986 F.3d 593, 596, 598 (5th Cir. 2021). Although the ADA purports to abrogate states' sovereign immunity in 42 U.S.C. § 12202, the Supreme Court has held this provision exceeds Congress' constitutional authority and does not validly abrogate the states' sovereign immunity. *See id.* at 596 (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001)); *id.* ("Sullivan cannot rely on abrogation to overcome Texas'[] sovereign immunity from his claim under Title I of the ADA."). As for waiver, 42 U.S.C. § 2000d-7(a)(1) provides that states waive sovereign immunity by accepting federal funds and violating certain enumerated statutes including "any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." But in *Sullivan*, this court determined the ADA does not fall within that clause and therefore Texas did not waive its sovereign immunity under § 2000d-7(a)(1). *See Sullivan*, 986 F.3d at 598–99. Soto's ADA claims are thus barred by sovereign immunity.

No. 21-20249

Likewise, Soto's TCHRA claims are barred by sovereign immunity. *See id.* at 599 ("In the TCHRA, the State of Texas waives its immunity to suit in state courts, but it 'does not expressly waive sovereign immunity in *federal* court.'" (quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002))).

Accordingly, the district court incorrectly held MD Anderson waived its sovereign immunity to Soto's claims. We REVERSE and REMAND to the district court with instructions to dismiss for lack of jurisdiction.